**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re: | ) | Case No. <u>12-40489</u> |
| Darel Benjamin & Debra Lynn Voss | ) | ☐ Original Chapter 13 Plan |
| | ) | ☒ Amended Plan Number <u>_1_</u> |
| | ) | (Changes must be <u>underlined</u>) |
| Debtor(s) | ) | ☐ Limited Service Applicable |

**CHAPTER 13 PLAN AND NOTICE OF TIME TO OBJECT**

*CHAPTER 13 PROCEDURES MANUAL* The provisions of the Court's Chapter 13 Procedures Manual are incorporated herein by reference and made part of this Plan. This manual is available at *www.ilsb.uscourts.gov*.

*YOUR RIGHTS WILL BE AFFECTED* You should read these papers carefully and discuss them with your attorney. Anyone opposing any provision of this Plan as set forth below must file a timely written objection. This Plan may be confirmed without further notice or hearing unless written objection is filed and served within 21 days after the conclusion of the 11 U.S.C. § 341(a) Meeting of Creditors. Objections to an amended Plan must be filed and served within 21 days after the date of filing of the amended Plan.

**If you have a secured claim, this Plan may void or modify your lien if you do not object to the Plan.**

*THIS PLAN DOES NOT ALLOW CLAIMS* A Creditor must file a timely Proof of Claim to receive distribution as set forth in this Plan. Even if the Plan provides for payment, no payment will be made unless a Proof of Claim is timely filed.

**1.** *PAYMENTS*

The Debtor submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Plan. The payment schedule is as follows:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | <u>41</u> | TPI | <u>$69,865.54</u> |
| <u>42</u> | <u>60</u> | <u>$2,025.00</u> | <u>$38,475.00</u> |
| | | | |
| ~~Debtors shall also submit to the Trustee any proceeds received during the pendency of the case in excess of $17,000.00 or 50% of the net proceeds, whichever amount is lower. Debtors hereby incorporate the terms of the Settlement Agreement approved March 4, 2008 in In re Booth, Case No. 07-30459 (Bankr. S.D. Il. 2008) concerning these proceeds~~. | | | |
| Total Months:60 | | Grand Total Payments: <u>$108,340.54</u> | |

**Wage Order Required:** ☒Yes ☐ No **The Debtor from whose check the payment is deducted:** <u>Debra Voss</u>

**Employer's name, address, city, state, phone:** <u>State of Illinois 69-033-001</u> , Attn: Comptroller Withholding Agent
<u>325 W. Adams Street</u>
<u>Springfield, IL  62704</u>

☒  This Plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior Plan filed in this case.

---

**IMPORTANT PAYMENT INFORMATION**

NOTE: Plan payments to the Trustee must commence within 30 days of the filing of the petition. The Debtor must make direct payments to the Trustee by money order or cashier's check until the employer deduction begins. Include your name and case number on your money order or cashier's check. Contact the Trustee for the payment mailing address.

---

**ORDER OF DISTRIBUTION**

The following order of priority shall be utilized with respect to all payments received under the Plan terms:
1. Any unpaid portion of the filing fee;
2. Notice fees equal to $.50 per page of the Plan, multiplied by the number of creditors listed on the debtor's schedules;

Case 12-40489-lkg    Doc 50    Filed 10/20/15    Page 2 of 10

3. The Trustee's fees for each disbursement, the percentage of which is fixed by the U.S. Trustee;
4. Ongoing mortgage payments on real estate;
5. Allowed administrative expenses;
6. Attorney's fees and other secured creditors as set forth in the Chapter 13 Procedures Manual;
7. Priority creditors as set forth in the Plan;
8. Any special class of unsecured creditors as set forth in the Plan; and
9. General unsecured creditors.

## 2. *ADMINISTRATIVE EXPENSES*

| Administrative Creditor | Estimated Amount of Claim |
|---|---|
|  |  |
|  |  |

**ATTORNEY'S FEES**

Attorney name:    WILLIAM A. MUELLER

☒ Flat fee through Plan $ 3,996.00    **OR**

☐ The Debtor's counsel elects to be paid on an hourly basis and will file a fee application(s) for approval of fees. No fees shall be disbursed until a fee application is approved by the Court. However, the Trustee shall reserve a total of $4,000.00 for payment toward such application, pursuant to the Order of Distribution and the Chapter 13 Procedures Manual.

## 3. *REAL ESTATE – CURING DEFAULTS AND MAINTAINING PAYMENTS*

Post-petition payments shall be made by the Trustee if (i) a pre-petition default exists; (ii) a post-petition, pre-confirmation default occurs; or (iii) a post-confirmation default arises that cannot be cured by the Debtor within six months. Otherwise, post-petition payments may be made directly by the Debtor to the creditor. Where the Trustee is disbursing the ongoing payments, the first mortgage payment to be disbursed will be that which becomes due in the second month after the month in which the petition is filed. In this situation, a mortgage holder should file a "pre-petition" claim that includes both the pre-petition arrearage and all post-petition contractual payments not disbursed by the Trustee as set forth above. Similarly, a Debtor must include the amount of any such payment(s) in the pre-petition arrearage calculation. (See the Chapter 13 Procedures Manual for examples and further instruction.)

For ongoing payments brought in due to a post-petition default, payments by the Trustee are to begin on the first due date after the month in which the amended or modified Plan is filed, or as otherwise ordered by the Court. All payments received from the Trustee must be credited by the creditor as the Plan directs. Pursuant to 11 U.S.C. § 524(i), ongoing post-petition mortgage payments tendered under the Plan by either the Trustee or the Debtor shall be credited by the holder and/or servicer of said claim only to such payments and may not be used for any other purpose without prior approval of the Court. Pursuant to 11 U.S.C. § 524(i), payments for pre-petition mortgage arrearages tendered under the Plan by the Trustee shall be credited by the holder and/or servicer of said claim only to such arrearages and may not be used for any other purpose without prior Court approval

The Chapter 13 Procedures Manual sets forth the terms concerning notice of payment changes; notice of fees, expenses and charges; form and content of said notice; determination of fees, expenses or charges; notice of final cure payment; response to notice of final cure payment; determination of final cure and payment; and the consequences of the failure to notify. If a conflict arises between the terms set forth in the Chapter 13 Procedures Manual and any bankruptcy rule, the federal and local bankruptcy rule(s) shall supercede the Manual.

**A) Payment of ongoing post-petition mortgage payments by the Debtor is as follows**:

| Creditor | Estimated Monthly Payment | Payment Start Date | Payment End Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**B) Payment of ongoing post-petition mortgage payments by the Trustee is as follows**:

| Creditor | Payment Address | Estimated Monthly Payment | Payment Start Date | Payment End Date |
|---|---|---|---|---|
| Wells Fargo | 4119 121st Street Urbandale, IA 50323 | $606.54 | 6/1/2012 | 4/2013 |
| Wells Fargo | 4119 121st St Urbandale IA 50323 | $718.72 | 5/18/2013 | 4/18/2014 |
| Wells Fargo Home Mortgage | 4119 121st St Urbandale IA 50323 | $606.54 | 5/18/2014 | 10/2014 |
| Wells Fargo Home Mortgage | 4119 121st St Urbandale IA 50323 | $652.87 | 11/18/2014 | 4/2015 |
| Wells Fargo Home Mortgage | 4119 121st St Urbandale IA 50323 | $617.88 | 5/18/2015 | 5/2015 |
| Wells Fargo Home Mortgage | 4119 121st St Urbandale IA 50323 | $846.86 | 6/18/2015 | 10/2015 |
| Wells Fargo Home Mortgage | 4119 121st St Urbandale IA 50323 | $839.77 | 11/18/2015 | 11/2015 |
| Wells Fargo Home Mortgage | 4119 121st St Urbandale IA 50323 | $832.84 | 12/18/2015 | Through the end of the plan |

The estimated monthly payment amount referenced in Part 3A and 3B above may change based upon Proof(s) of Claim filed and/or subsequent Supplemental Proof(s) of Claim.

**C) Payment of pre and/or post-petition arrearages, arising from a default in mortgage payments that were being made directly by the Debtor to the creditor, is as follows**:

| Creditor | Property Address | Lien No. | Estimated Amount of Claim |
|---|---|---|---|
| Wells Fargo | 5748 Co. Hwy. 6 Okawville, IL 62271 | 1 | $20,296.58 |
| | | | |
| | | | |

**D) Payment of post-petition arrearages, arising from a default in Plan payments, is as follows**:

| Creditor | Total Amount of Post-petition Claim |
|---|---|
| | |
| | |
| | |

Use of this section is more fully explained in the Chapter 13 Procedures Manual. In summary, this section should be used (i) when the ongoing mortgage payment is being disbursed by the Chapter 13 Trustee and (ii) the post-petition arrearage arises from a default by the Debtor in the Plan payments. Furthermore, the use of this section constitutes an affirmative representation by the filing party that the Debtor and creditor(s) have agreed to have this post-petition arrearage paid as a separate claim *unless the next box is checked*.

☐ By checking this box, the filing party represents that he or she has made reasonable and diligent efforts to secure an agreement with the creditor for the above-described treatment of this post-petition arrearage. Furthermore, upon request by any part in interest, the filing party shall provide a detailed, written explanation of the steps taken to attempt to secure an agreement with the creditor. Abuse of the letter and spirit of this provision may subject the filing party to any sanctions the Court deems appropriate.

> If attorney's fees are to be sought in conjunction with this post-petition arrearage, a Proof of Claim for said fees must be filed with the Court and a separate agreed order submitted to the Court.

**E) Real Estate Property Tax Claims shall be paid as follows**: To the extent that taxes are due or will become due, they will be paid directly by the Debtor or pursuant to any applicable note and mortgage on the property.

**F) Real Estate Secured Claims to which 11 U.S.C. § 506 Valuation is Applicable ("Cram Down Claims")**:

Claims listed in this subsection are debts secured by real estate that is not the Debtor's primary residence. These claims will be paid either the value of the secured property as stated below or the secured amount of that claim as listed on the Proof of Claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor Collateral | Value | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**4.** *SECURED CLAIMS AND VALUATION OF COLLATERAL UNDER 11 U.S.C. SECTION 506*

**A) Secured Claims to which 11 U.S.C. § 506 Valuation is NOT Applicable ("910 Claims"):**

Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle acquired for the personal use of the debtor, incurred within the 910 days preceding the date of the filing of the bankruptcy *or* debts secured by a purchase-money security interest in "any other thing of value" incurred within one year preceding the date of the filing of the bankruptcy. *These claims will be paid in full with interest as provided below.*

| Creditor Collateral | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**B) Secured Claims to which 11 U.S.C. § 506 Valuation is Applicable ("Cram Down Claims")**:

Claims listed in this subsection are debts secured by personal property *not* described in the immediately preceding paragraph of this Plan. These claims will be paid either the value of the secured property as stated below or the secured amount of that claim as listed on the Proof of Claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor Collateral | Value | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|
| Capital One/2004 GMC Envoy | $9,150.00 | $5,890.88 | 5.25% | $105.92 |
| First National Bank of Okawville/2004 Chevy Silverado & 1999 Jayce Camper | $13,350.00 | $3,550.63 | 5.25% | $98.91 |
| ~~First National Bank of Okawville/1999 Jayce Camper~~ | ~~$5440.00~~ | ~~$2747.03~~ | ~~5.25%~~ | ~~$52.16~~ |

**C) Surrender of Property:**

This section allows for the surrender of collateral. The Debtor surrenders any and all right, title and interest in the following collateral. If the creditor believes that it may be entitled to a deficiency claim under applicable law, then the secured creditor must file its secured claim before the non-governmental claims bar date. Within 90 days following the claims bar date, the secured creditor shall file an amended Proof of Claim indicating the unsecured deficiency balance (if any), unless an extension is approved by the Court. Any objection to a timely filed deficiency claim shall be filed within 45 days of the date the deficiency claim was filed, or the same is deemed allowed. Absent leave of Court, deficiency claims filed outside of this 90-day period (or any extension granted by the Court) are deemed disallowed without action by any party. Upon entry of the Order lifting the automatic stay, the Debtor must reasonably cooperate with the creditor in either making the collateral available for pickup or in supplying information of the collateral's last known location.

| Creditor | Collateral Surrendered | Estimated Monies Previously Paid by the Trustee |
|---|---|---|
| | | |
| | | |
| | | |

**5.** *SEPARATELY CLASSIFIED CLAIMS*

| Creditor | Secured/ Unsecured | Estimated Claim | Interest Rate | Paid By |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**6.** *EXECUTORY CONTRACTS AND UNEXPIRED LEASES*

All executory contracts and unexpired leases are *rejected*, except the following which are assumed:

**A) Payment of executory contracts and unexpired leases *directly* by the Debtor is as follows**:

| Creditor | Collateral | Monthly Payment | # of Payments Remaining |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**B) Payment of arrearages by the Trustee is as follows**:

| Creditor | Collateral | Address | Est. Claim | Int. Rate | Estimated Monthly Payment |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

> Since the claims in Part 3F, 4A, 4B and 6B are based on the allowed claim amount, the estimated monthly payment in those sections is provided by the Debtor for reference only.

**7.** *PRIORITY CLAIMS*

**A) Domestic Support Obligations:**

The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

1. Name of Debtor owing a domestic support obligation:_____

| DSO Claimant Name | Address, City, State and ZIP | Estimated Arrearages | Current |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**B) Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B):**

| Government Entity | Estimated Arrearages | Estimated Amount Paid | State Agency Case Number |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**C) Secured Income Tax Claims and Priority Claims Under 11 U.S.C. § 507:**
All allowed secured tax obligations shall be paid in full by the Trustee as set forth herein. All allowed priority claims shall be paid in full by the Trustee as set forth herein, unless the creditor agrees otherwise:

| Creditor | Priority/Secured | Estimated Claim Amount | Interest Rate (If Any) |
|---|---|---|---|
| IRS | Priority/Secured | $7,313.52/$11,592.13 | 0% / 5.25% |
| ILDOR | Priority/Secured | $1,494.00/$0.00 | 0% |
|  |  |  |  |

**8. *LONG-TERM DEBTS PAID DIRECTLY BY THE DEBTOR OR CO-DEBTOR TO THE CREDITOR***

| Creditor | Basis for Treatment | Estimated Claim Amount | Monthly Payment | Number of Payments Remaining |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**9. *AVOIDANCE OF LIENS***
The Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions, and the Trustee shall make no distributions thereon.

| Creditor | Collateral/Property | Amount of Lien to be Avoided |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**10. *UNSECURED CLAIMS***
The minimum amount the Debtor must pay to all classes of allowed non-priority unsecured claims is _____$0.00_____ or ☐ 100%.

**11. *POST PETITION CLAIMS***
Post-petition claims shall not be paid by the Trustee unless the Debtor amends the Plan to specifically address such claims. Absent such an amendment, the Trustee shall not disburse any monies on said claims and these debts will not be discharged.

**12. *LIEN RETENTION***
With respect to each allowed secured claim to be paid in full through the Plan, other than mortgage or long-term debts, the holder of such claim shall retain the lien securing its claim until the earlier of (i) the payment of the underlying debt determined under non-bankruptcy law; or (ii) entry of the discharge order under 11 U.S.C. § 1328.

**13. *PROOF OF LIEN PERFECTION***
Any individual and/or entity filing a secured claim must provide the Chapter 13 Trustee, the Debtor, and Debtor's counsel with proof of lien perfection at the time its claim is filed and shall attach such documentation to its Proof of Claim pursuant to Bankruptcy Rule 3001.

**14. *VESTING OF PROPERTY OF THE ESTATE***
Property of the estate shall revest in the Debtor upon confirmation of the Debtor's Plan, subject to the rights, if any, of the

Trustee to assert a claim to additional property of the estate acquired by Debtor post-petition pursuant to 11 U.S.C. § 1306.

**15. *PAYMENT NOTICES***
Creditors in Section 3 of this Plan (whose rights are not being modified) and in Section 6 of this Plan (Assumed Executory Contracts/Unexpired Leases) may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

**16. *OBJECTIONS TO CLAIMS***
Absent leave of Court, any objection to a timely filed general unsecured claim shall be filed within 45 days following the expiration of the claims bar date for that claim. Objections to secured and/or amended claims shall be filed within 45 days from the applicable claims bar date or within forty-five 45 days from the date of filing of the claim, whichever is later.

**17. *STAY RELIEF***
Notwithstanding any provision contained herein to the contrary, distribution to a secured creditor(s) who obtains relief from the automatic stay will terminate immediately upon entry of an Order lifting or terminating the stay, except to the extent that an unsecured deficiency claim is subsequently filed and allowed. Absent an Order of the Court, relief from the automatic stay shall also result in the Trustee ceasing distribution to all junior lien holders.

**18. *DEBTOR REFUNDS***
Upon written request of the Debtor, the Trustee is authorized to refund to the Debtor, without Court approval, any *erroneous* overpayment of *regular* monthly payments received during the term of the Plan that have not been previously disbursed.

**19. *PLAN NOT ALTERED FROM OFFICIAL FORM***
By filing this Plan, the Debtor and the Debtor's counsel represent that the Plan is the official form authorized by the Court. Changes, additions or deletions to this Plan are permitted *only* with Leave of Court.

**20. *REASON(S) FOR AMENDMENT(S)***
Set forth a brief, concise statement of the reason(s) for the amendment(s). In addition, if there is a substantial change to the proposed Plan payments, or if the Trustee so requests, file an amended Schedule I & J.

Plan is being amended to remove the Booth Language, correct the priority/secured claim amount of the IRS per the amended proof of claim #4 filed on 8/22/12, correct priority claim amount of the IDOR per amended proof of claim #1 filed 7/20/12, correct mortgage arrears based off proof of claim #6 filed 6/25/12, properly address the claim filed by First National Bank, address all mortgage payment changes filed throughout the case, and cure delinquency in payments through September 2015

## Debtor's Declaration
I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct to the best of my knowledge and belief.

Dated:                              10/15/15

Signature of the Debtor:            /s/  Darel Voss

Signature of the Co-debtor:         /s/  Debra Voss

*Signature and Verification of Counsel for the Debtor*

I have reviewed this plan and verify that it is proposed in good faith and, to the best of my knowledge and belief, does not include provisions or treatment that are forbidden by the Bankruptcy Code or Bankruptcy Rules.

Dated: 10/2/15

Signature of Counsel: /s/ William A Mueller

**NOTICE OF ELECTRONIC FILING AND**
**CERTIFICATE OF SERVICE BY MAIL**

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | BK: 12-40489 |
| | ) SS | |
| CITY OF BELLEVILLE | ) | Chapter 13 |

Stephanie Holland, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On October 20, 2015, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court **Amended Plan Number 1**.

The Deponent served electronically the **Amended Plan Number 1** to the following parties:

U.S. Trustee

U. S. Bankruptcy Court

Bob Kearney

and served by mail to all secured creditors & all creditors who filed a claim:

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
San Diego, CA 92123

Capital One Auto Finance, c/o Ascension Capital Gr
P.O. Box 201347
Arlington, TX 76006

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

Wells Fargo Home Mortgage
PO Box 10317
Des Moines, IA 50306

Cavalry Portfolio Services LLC
500 Summit Lake Drive Suite 400
Valhalla, NY 10595-1340

Midland Funding LLC
by American InfoSource LP as agent
Attn: Department 1
PO Box 4457
Houston, TX 77210-4457

First National Bank
203 E Walnut St
PO Box 128
Okawville, IL 62271

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

Ascension Capital Group, Inc.
Attn: Capital One Auto Finance Department
Account ending 1384
P.O. Box 201347
Arlington, TX 76006

GE Capital Retail Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Darel & Debra Voss
PO Box 225
Okawville IL 62271

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Stephanie Holland